[Crim. No. 537.   Second Appellate District.—April 19, 1917.]

THE PEOPLE, Respondent, v. R. L. STOCKTON, Appellant.

CRIMINAL LAW—MURDER—EVIDENCE—CONFESSION—CURE OF ERROR.—
In a prosecution for the crime of murder the defendant is not preju-
diced by the alleged erroneous admission in evidence over his objec-
tion of a purported confession made by him to the district attorney,
where he voluntarily became a witness in his own behalf and as such
witness testified that he had heard his confession read to the court,
and that the facts were therein truly stated.

APPEAL from a judgment of the Superior Court of Kern
County, and from an order denying a new trial.   Howard A.
Peairs, Judge.

The facts are stated in the opinion of the court.

W. C. Dorris, for Appellant.

U. S. Webb, Attorney-General, and Robert M. Clarke, Dep-
uty Attorney-General, for Respondent.

CONREY, P. J.—Defendant was convicted of the crime of
murder in the first degree and sentenced to imprisonment for
life.   He appeals from the judgment and from an order deny-
ing his motion for a new trial.

The defendant having had a quarrel with one Brown, pur-
chased a revolver and went out to look for Brown, whom he
found in a saloon in the city of Bakersfield.   One Leland
Mull was standing at the bar next to Brown.   The defendant
fired in their direction, intending to hit Brown, but instead
thereof hit and killed Mull.

It is urged by defendant's counsel in support of the appeal
that the evidence in this case was not sufficient to warrant a
conviction because (1) the defendant shot twice, while there
is evidence that at least four shots were fired; (2) when he
was shot the deceased fell in the direction opposite to that in
which he would have fallen had the defendant fired the fatal
shot.   There is evidence from which the jury might have be-
lieved that at the time of the killing four shots were fired, but
there is no testimony that at that time and place any shooting
was done by any person other than the defendant.   The evi-

dence clearly and convincingly tends to show that Mull was killed by the first shot. The evidence does not conclusively show that the deceased fell in a direction opposite to that in which he would have fallen had the defendant fired the fatal shot. A reading of the entire testimony convinces us that the evidence is amply sufficient to warrant the conviction.

The next point urged is that the court erred in admitting over defendant's objection a purported confession made by the defendant; also that the purported confession contained statements of facts not in the nature of a confession of guilt, and that the defendant was compelled to be a witness against himself. The so-called confession consisted of questions propounded by the district attorney and answers made by the defendant. James Price, a court reporter, was present and took down the statements in shorthand and afterward transcribed his notes. At the trial he testified to these facts and identified the document, stating that it was a correct transcript of the statement as made by the defendant, but did not directly testify to the contents thereof. It was then read to the jury by the district attorney. It is unnecessary to discuss the legal propositions presented by counsel, or the authorities in support thereof, under which he claims that this evidence was wrongfully received. The defendant voluntarily became a witness in his own behalf, and as such witness testified that he had heard his confession read to the court, and that the facts were therein truly stated. Assuming without deciding that there was error in the court's original ruling upon the objections, it is, as to any claim of prejudicial error, fully cured by this testimony of the defendant. We fail to find anything in the record to support the claim that defendant was compelled to testify against himself.

Finally it is claimed that the court erred in refusing to allow testimony to prove that shots were fired, other than two which were fired by the defendant. This point relates to questions asked of certain witnesses for the purpose of showing that a shot fired by the defendant after he stepped out of the saloon did not go through the door, but struck against a baseboard next to the bootblack stand on the outside of the building. There was no witness who saw the shooting that was done outside of the building, other than the defendant himself. He testified that he fired one shot while in the saloon, and that after he backed out of the door of the saloon he shot

again, but not toward the saloon. ''Q. .Where did you shoot when you were outside, Mr. Stockton? A. Well, sir; I shot on the sidewalk or near the bootblack stand.'' No testimony was introduced directly contradicting the statement that defendant fired a shot toward the bootblack stand. In accordance with a request made by the defendant, the jury was permitted to view the entire premises, both inside and outside of the saloon. They examined the bullet hole in the door, which according to the prosecution's theory was caused by a shot fired by the defendant after he backed out of the saloon, and which according to the defendant's theory was caused by a shot fired by some other person. They also examined the place where the defendant claimed that the second shot fired by him struck the bootblack stand. When the defendant was arrested, soon after the shooting took place, he had on his person a revolver in which two of the cartridges had been discharged. While this fact may be taken as corroboration of the defendant's testimony that he fired only two shots, it is not necessarily conclusive of the question. Neither is this matter of prime importance in determining the case against the defendant, in view of the fact to which we have referred, that the direct testimony points most strongly to the fact that Mull was killed by the first of the shots that were fired.

The judgment and order are affirmed.

James, J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 18, 1917.